*39 The opinion of the Court was delivered by
Dunkin, C. J.
The Act of Congress, 2 March, 1857, authorized and directed the Secretary of War to examine and settle, upon the principles of equity and justice, the claims of seventy-eight individuals, by name, constituting the Edisto Island Company of militia, who, in the war of 1812, had rendered important services to the country.
The Secretary was directed to allow to those named who are living, and the heirs of those deceased, the amount of pay and allowances to which each of them would have been entitled, according to their respective positions, under the regulations of the service at that time, and also to allow for the materials and labor in erecting fortifications. The Secretary of the Treasury was directed to pay the amount adjudicated to be due the said parties by the Secretary of War.
By the Act 27 February, 1858, the preceding Act'was so amended as that the payments therein authorized to be made to “ the heirs of those deceased” shall be made to administrators and executors of those deceased.
At the time when the Act of 1857 was passed, and also at the time of instituting these proceedings, the wife of the defendant, Samuel C, Black, was the sole heir of her grandfather, Josiah Mikell, deceased, who had been one of the members of the Edisto Island Company, and the defendant is himself the administrator of Josiah Mikell, deceased, and has received from the treasurer the amount awarded by the Secretary of War under the Act of 1857.
The complainant is the administrator of J. J. Mikell, deceased, the father of Mrs. Black, and who was the son of Josiah Mikell, deceased, but had been some time dead when the Act of 1857 was passed.
After a careful examination of the Acts, it does not appear to the Court that any difference or change was intended to be made in the beneficiaries under the Act of *40 1857 by tbe amendment of 1858. By tbe former Act tbe allowance was to be made by the Secretary of War, on equitable and just principles, to those of the company who were living, “ and the heirs of those deceased.” By the second section the amount adjudicated to the said parties, by the Secretary of War, was to be paid by the Secretary of tbe Treasury. After an interval of nearly half a century, it would impose on the Secretary of the Treasury great difficulty and embarrassment to ascertain the heirs of seventy-eight individuals, or rather of such as were not living in 1857. To avoid this, by the Act of 1858, so much of the Act of 1857 as directed payment by the Secretary of the Treasury, of the sums adjudicated by the Secretary of War, " to those living and the heirs of those deceased,” under the previous provision was amended, and payment was thereby directed to be made to “the administrators and executors of those deceased.” The grant or allowance or donation, (by whatever name it may be characterized,) in the first section of the Act of 1857, to the “ heirs of those deceased,” was not repealed or withdrawn by the subsequent Act, which changed the mode in which payment or adjudication of such allowance was to be made. Several Acts of Congress have been brought to our notice in which grants are made directly to the heirs or children of persons who have rendered meritorious services, rather than to their legal representatives, which might afford no advantage to the children or heirs. An Act entitled "An Act for the relief of the heirs of Samuel E. Thurston, late delegate from Oregon,” was passed 2 March, 1857, (11 Stat. 505.) The Secretary of the Treasury was directed “to allow and pay to the legal representatives of Samuel E. Thurston, late delegate from Oregon, for the benefit of his heirs,” certain arrears of pay, &c. Taking together the Acts of 1857 and 1858, in regard to the Edisto Island Company, a similar construction should be given. By the former Act the sums *41 were allowed and awarded by tbe Secretary of War to those who were living, and the heirs of those deceased. By the latter Act the payment of the sums thus adjudicated was to be made by the Secretary of the Treasury to the legal representatives of those deceased, in trust for those in whose favor the award had been made, to wit, the heirs of those deceased. Such seems to the Court the true interpretation.
The defendant, as administrator of Josiah Mikell, deceased, was entitled to receive the money under the Act of 1858, and in right of his wife, as sole heir of the intestate in 1857, he was entitled to. retain it. It is therefore ordered and decreed that the decree of the Circuit Court overruling the defendant’s demurrer be reversed, and that the bill be dismissed.
Wabdlaw and Inglis, J. J., concurred;

Decree reversed.